

**IT IS ORDERED as set forth below:**

**Date: April 28, 2020**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| IN RE: | CHAPTER 11 |
|---|---|
| ASPEN VILLAGE AT LOST MOUNTAIN MEMORY CARE, LLC, | CASE NO. 19-40263-BEM |
| Debtor. | |

**FINAL DECREE**

Debtor filed its *Application for Final Decree*[1] (the "Application") and *Final Report* on April 27, 2020. Based upon a review of the record in this case and the representations of counsel, it appears that the estate has been fully administered. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 3022, it is hereby

ORDERED that:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Application.

1. The provisions of the Plan bind Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and all creditors of Debtor, whether or not the claim or interest of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan;

2. Unless otherwise provided in the Plan or the Confirmation Order, all property of the estate is vested in Debtor;

3. Except as provided in the Plan or Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of creditors, equity holders of Debtor and other parties in interest;

4. Except as otherwise specifically provided in the Plan or Confirmation Order, Debtor is discharged from any debt that arose before the date of the Confirmation Order and any debt of a kind specified in 11 U.S.C. § 502 (g), (h) or (i), whether or not: (a) a proof of claim based on such debt was filed or deemed filed; (b) such claim was allowed under 11 U.S.C. § 502; or (c) the holder of such claim accepted the Plan;

5. All creditors of, claimants against, and all persons having or claiming interest of any nature in Debtor's property and assets are enjoined and stayed from pursuing or attempting to pursue any action, commencing or continuing any action, employing any process or any act against Debtor or its property, on account of or based upon any right, claim, or interest which any such creditor, claimant, or other person may have had at the date of the filing of Debtor's Chapter 11 petition, except with respect to claims, rights, or interests arising out of the Plan or orders of this Court; and

6. The Court shall retain jurisdiction to reopen this Bankruptcy Case, without limitation, (a) to adjudicate any Adversary Proceeding or Claim Dispute filed, (b) to resolve any

disputes regarding the sale or refinancing procedures of Debtor's assets in the Plan or (c) otherwise determine any dispute regarding the treatment of a claim, including objections to any claim or interest under the Plan. The Court shall specifically retain jurisdiction over the Chapman Adversary Proceeding, the GCD Adversary Proceeding, and any Claim Dispute filed before or after entry of this Final Decree.

7. The Final Report is approved, and the Application is *granted.*

The Clerk, U.S. Bankruptcy Court, is DIRECTED to close this case. The Clerk, U.S. Bankruptcy Court, is DIRECTED to serve a copy of this order upon Debtor, Debtor's attorney and the U.S. Trustee and all parties reflected on Debtor's mailing matrix.

### [End of Order]

Prepared and Presented By:
JONES & WALDEN, LLC

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
Counsel for Debtor
(404) 564-9300
*lpineyro@joneswalden.com*

**Distribution List**

Leslie M. Pineyro
Jones & Walden, LLC
699 Piedmont Avenue, NE
Atlanta, Georgia 30308

Office of the U.S. Trustee
Vanessa Leo, Esq.
362 Richard B. Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303